Edward Carlson
Law Office of Edward Carlson
43 West 43rd St., suite 243
New York, NY 10036-7424
+1 (917) 714-0189
ed@edwardcarlsonlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKOIL PAN AMERICAS, LLC<br><br>Plaintiff,<br><br>-against-<br><br>TETHYS TRADING, LLC and TETHYS PARTNERS, LLC<br><br>Defendants. | 20 CV _____<br><br>**COMPLAINT IN ADMIRALTY** |

Plaintiff Lukoil Pan Americas, LLC ("Lukoil"), as and for its Complaint against Defendants Tethys Trading, LLC and Tethys Partners, LLC (collectively "Tethys"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of contract that provides for ocean maritime transportation and delivery services, and thus qualifies as a maritime contract for purposes of jurisdiction. As such, this case falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. The Court also possesses diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the action arises between a citizen of one of the United States and a citizen of another of the United States, as more particularly appears below, with the amount in controversy (exclusive of interest and costs) in excess of $75,000.

3. Venue is properly situated in this District because the contract provides for

suit here.

4. At all times material hereto, Plaintiff Lukoil was and still is a business entity duly organized and existing under the laws of Delaware with an office and place of business in this District.

5. At all times material hereto, Defendant Tethys Trading was and still is a business entity organized and existing under the laws of Oklahoma with an office and place of business at 954 W. Washington Blvd., suite 250, Chicago, Illinois, 60607.

6. At all times material hereto, Defendant Tethys Partners was and still is a business entity organized and existing under the laws of Oklahoma with an office and place of business at 954 W. Washington Blvd., suite 250, Chicago, Illinois, 60607.

7. Tethys has repeatedly ignored Lukoil's efforts to commercially resolve this matter, thereby necessitating the commencement of this lawsuit.

## Contract Terms

8. Pursuant to a sales contract dated May 8, 2015, Lukoil agreed to procure, load, transport and deliver on CFR terms by oceangoing tanker a cargo of approximately 275,000 barrels of Ultra Low Sulphur Diesel (ULSD) to Defendant Tethys Trading at Balboa, Panama.

9. Broker communications that formed the structure and basis of the trade identify Defendant Tethys Partners and Defendant Tethys Trading as the buyers of the cargo from Lukoil.

10. Further, the email address to which the May 8, 2015 contract was sent was ▮▮▮▮▮▮▮@tethyspartners.com.

11. Upon information and belief, both Tethys Trading and Tethys Partners exist

2

and operate within the structure known as the Tethys Holdings Group.

12. The sales contract contemplated that the cargo would be loaded onboard a Vessel nominated/chartered by Lukoil (as disponent owner), transited by sea and canal to Balboa, Panama (on the Pacific side of the country), and there make delivery CFR one safe berth/port Balboa.[1]

13. The contract also contained a laytime and demurrage regime for oceangoing tankers that governed how demurrage would be calculated during the voyage.

14. "Laytime" and "demurrage" are terms utilized in the maritime industry that relate to the time used to load and discharge cargo. Laytime is a set time afforded for loading and discharge of cargo, and demurrage represents liquidated damages due to a vessel owner/disponent owner for delays that occur when a vessel does not load or discharge cargo within the stipulated laytime.

15. Under the terms of the contract, laytime at the discharge port was to commence six hours after the vessel tendered its notice of readiness or upon the vessel being securely moored at berth or other discharging place, whichever occurred first.

16. Also under the contract, demurrage was to be calculated as per the charter party (i.e., Lukoil's contract with the Owners of the M/T Chance), with Tethys to pay all additional port charges and costs incurred by the vessel if Tethys ordered Lukoil to discharge cargo at a port in addition to Balboa.

17. The contract also incorporated the form ISPS [International Ship and Port Facility Security] Clause promulgated by BIMCO [the Baltic and International Maritime Council], an oil spill clause, and LITASCO's general terms and conditions, which set forth, inter alia and in greater detail, the vessel, carriage, delivery and demurrage

---

[1] The contract mistakenly identifies the discharge port as Bilbao as opposed to Balboa, Panama.

provisions that governed the ocean transportation of the ULSD cargo from Texas to Panama.

### Performance of the Contract

18. Pursuant to the contract terms, Lukoil chartered the oceangoing tanker M/T Chance from a Greek shipowner and ordered the vessel to load the ULSD cargo at Texas City, Texas for transport to Balboa, Panama.

19. As the laden vessel sailed from Texas City to Balboa, Tethys instructed Lukoil to order the vessel to Cristobal, Panama (on the Atlantic side of the country) to discharge 50,000 barrels of the 275,000-barrel ULSD cargo, costs for which, including time and fuel consumption, were for Tethys' account.

20. Upon arriving at Cristobal, the vessel dropped anchor and tendered its notice of readiness on 14 May 2015, and then waited eight days (until 22 May) before berthing.

21. Additional delays were incurred due to inadequate/limited hose connections at Cristobal and regular stoppage of cargo operations by shoreside personnel.

22. As a result, the vessel incurred $240,431.29 for interim port charges, which consisted of demurrage incurred at Cristobal, bunkers (fuel) consumed at Cristobal, and miscellaneous port charges.

23. Lukoil paid those sums to Owners and then sought reimbursement from Tethys as per the contract.

24. To date, Tethys has paid a portion of that debt, however despite due demand and in breach of the contract, $111,849.47 of demurrage and interim port charges incurred at Cristobal remains due and owing to Lukoil from Tethys.

25. The contract provides for the application of New York law and suit in this

District Court, with service of process via registered mail.

### Lukoil's damages

26. In addition to the principle amount of interim port charges that are due, Lukoil also seeks interest which, as specified in the contract, is set at two percentage points over the average JPMorgan Chase prime rate.

27. During the period the interim port charges have been outstanding, the average prime rate at JPMorgan Chase is 3.25 percent.

28. Lukoil calculates the interest component of its claim against Tethys as $39,163.63, representing 5.25 percent over the period the interim port charge has been outstanding and projected out for a further two-year period at which time judgment is anticipated.

29. To the extent this Court, as a court sitting in admiralty, possesses the equitable power to award legal fees where the conduct of the Defendants so warrants, Lukoil also seeks anticipated legal fees incurred in connection with the prosecution of this claim, estimated to be $75,000, with recoverable costs of $5000.

30. In total, therefore, Lukoil estimates, as nearly as can be contemplated, that the total judgment will be $231,013.10, inclusive of the principle amount of this claim, interest, costs and attorneys' fees.

WHEREFORE, Plaintiff Lukoil Pan Americas prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants Tethys Trading, LLC and Tethys Partners, LLC citing them to appear and answer the foregoing, failing which judgment by default be entered

5

seeking recovery of the principal claim plus interest, costs and reasonable attorneys' fees; and

b. For such other, further and different relief as the Court may deem just and proper in light of the above.

Dated: New York, New York
       March 3, 2020

                                    Law Office of Edward Carlson
                                    Attorney for Plaintiff

                                /s/
          By: _____

Edward Carlson
43 West 43rd St., suite 243
New York, NY 10036-7424
+1 (917) 714-0189
ed@edwardcarlsonlaw.com

6